UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20295-Civ-COOKE/GOODMAN

FLORA E. SEFF,

    Plaintiff,

vs.

THE BOARD OF COUNTY
COMMISSIONERS OF MIAMI-DADE
COUNTY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court upon the Defendant Board of County Commissioners of Miami-Dade County's (the "County" or "Defendant") Motion for Summary Judgment, ECF No. 19. The Court has reviewed the Motion, all supporting and opposing filings and submissions, the record in the case, and is otherwise fully advised on the premises. For the reasons that follow, Defendant's Motion for summary judgment is granted.

### I. BACKGROUND

This case involves Defendant's alleged violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a) (prohibiting age discrimination by an "employer"), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. Amend. XIV, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983, by implementing practices, policies, and procedures that subjected Plaintiff, Flora Seff ("Plaintiff" or "Seff"), to discrimination based on her age.

1. **Seff's Previous Employment**

Ms. Seff, has served the state of Florida in a public capacity for at least thirty years.[1] Compl. ¶¶ 8, 9. Prior to her employment with the County, Seff held public employment in Florida as an Assistant State Attorney from 1980 through 2008. Seff Decl. ¶ 1. Seff was also

---

[1] All facts recited are undisputed, unless otherwise indicated.

employed as a County Court judge from July 2008 through January 2009. *Id.* As a result of her public employment, Seff was a member of the Florida Retirement System ("FRS") Pension Plan. (*Id.* at ¶ 2.) and elected to participate in the Deferred Retirement Option Program ("DROP"), an early retirement incentive program that required Seff to resign her employment with the state of Florida on May 31, 2015, the same date as her DROP termination date. *Id*. at ¶5. Once retired, Seff would be eligible to receive a monthly pension for her lifetime. *Id.*

On February 25, 2011, Seff was hired as the Senior Legal Liaison in the Miami-Dade Fire Rescue Department ("MDFR"), she was paid $127,363.07, the maximum compensation permitted for her classification. Def.'s Stmnt. Facts ¶ 6.

On May 31, 2015, Seff terminated her employment with the County in accordance with her DROP election. *Id.* at ¶ 11. Seff subsequently began receiving monthly FRS retirement benefit pension checks. *Id.* Seff has consistently received FRS pension checks since her retirement in 2015. *Id.* at ¶ 12.

2. **The County's Retiree Rehiring Policy**

In April 2010, the Miami-Dade County adopted County Resolution Number 392-10 and Implementing Order 7-44, which sets forth retirement benefits for state and local county government employees. *Id.* at ¶ 8. The retiree rehiring policy expressly states that it was promulgated to address "double dipping," whereby an employee collects "FRS" pension benefits and simultaneously collects a salary from an FRS contributing public employer. *Id.*

The **WHEREAS CLAUSES** in County Resolution Number 392-10 state in pertinent part:

> **WHEREAS**, such re-employment with an FRS employer is sometimes referred to as "double dipping" because the employee collects pension benefits from FRS, and also collects a salary from the FRS employer; and
>
> **WHEREAS**, during the 2009 regular session, the Florida Legislature sought to address FRS "double dipping" by passing HB 479, Chapter 2009-209, Laws of Florida ("HB 479"), which provided that employees who retire with FRS benefits on or after July 1, 2010, are not eligible for re-employment with an FRS employer for six months after retirement, and such retirees will not receive retirement benefits for the seventh through 12 months after retirement; and
>
> **WHEREAS,** some states have made it illegal to collect retirement benefits

> and return to work at the same job and salary; and
>
> **WHEREAS**, other states have made it illegal to take any public sector job in the same retirement system without forfeiting retirement benefits.

*Id.* Additionally, the Implementing Order 7-44 provides that "[r]etirees of the County who seek re-employment with Miami-Date County shall. . . start at the applicable entry-level salary and shall receive salary increases. . . in the normal course commensurate with other entry-level employees." *Id.*

### 3. Seff is Re-employed by the County

In 2017, Seff applied for an advertised vacant part-time MDFR Senior Legal Liaison position—the same position she held prior to her resignation in 2015. *Id.* at ¶ 12. Seff subsequently received an offer for the vacant position at an entry level annual salary of $81,158.41. *Id.* On June 29, 2017, Seff accepted the offer and was re-hired part-time for the vacant position. *Id.* at ¶ 15. Seff is presently compensated at $88,243.00. *Id.* at ¶ 17.

On January 24, 2018, Seff filed a two-count Complaint seeking damages for alleged unlawful age discrimination under the ADEA and under Title VII. In particular, Seff asserts that she has sustained a $47,000.00 salary reduction (Seff Decl. ¶ 9) when she was reemployed by the County and that she is entitled to be compensated at her former salary of $127,363.07. Compl. ¶ 15.

## II. LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The parties may support their positions by citation to the record, including *inter alia*, depositions, documents, affidavits, or declarations. Fed.R.Civ.P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir.2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the

plaintiff's position will be insufficient; there must be evidence on which a jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. If the non-moving party fails to make a sufficient showing on an essential element of his case on which he has the burden of proof, the moving party is entitled to a judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323.

### III. ANALYSIS

#### a. ADEA Claim

The County moves for summary judgment on Seff's ADEA claim. First, the County asserts that Seff cannot pursue a disparate impact claim under the ADEA because job applicants are foreclosed from pursuing such claims under the ADEA.[2] Second, the County argues that Seff has not established a *prima facie* case of age discrimination in violation of the ADEA. Finally, the County contends that even if Seff has established a *prima facie* case, summary judgment is nonetheless appropriate because the County's Policy is based solely

---

[2] The County cites *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 961 (11th Cir. 2016) in asserting that Seff cannot pursue a disparate impact claim under the ADEA because "the whole text of Act makes clear that an applicant for employment cannot sue an employer for disparate impact because the applicant has no status as an employee." The County's reliance on *Villarreal* is misplaced because, unlike the plaintiff in *Villarreal*, Seff isn't merely a job applicant. Rather, Seff is a current employee with the County.

on Seff's pension status, which is lawful and not in violation of the ADEA.

The ADEA forbids arbitrary discrimination by public and private employers against employees on account of age. 29 U.S.C. §§ 623(a)(1), 631(a). Under the ADEA, a plaintiff may advance an ADEA discrimination claim via disparate impact theory or disparate treatment theory[3]. *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 232 (2005). As the Supreme Court explained,

> Disparate treatment. . .is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion [or other protected characteristics.] Proof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment. . . .
>
> [C]laims that stress 'disparate impact' [by contrast] involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity. Proof of discriminatory motive. . .is not required under a disparate-impact theory.

*Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993)(internal citations omitted).

### 1. Disparate Impact

Discrimination based on disparate impact requires a plaintiff to show: "'1) there is a significant statistical disparity among members of different age groups; 2) there is a specific, facially-neutral employment policy or practice; and 3) there is a causal nexus between the specific policy or practice and the statistical disparity.'" *Cardelle v. Miami Beach Fraternal Order of Police*, 593 F. App'x 898, 901 (11th Cir. 2014) (quoting *Cooper v. S. Co.*, 390 F.3d 695,

---

[3] Seff raises a disparate treatment argument for the first time in her Response to Defendant's Motion for Summary Judgment. Seff cannot amend her pleading by raising a new argument for the first time in her Response. *See Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013)( "a plaintiff cannot amend his complaint through argument made in his brief in opposition to the defendant's motion for summary judgment."); *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (non-moving party plaintiff may not raise new legal claim for first time in response to opposing party's summary judgment motion); *Chavis v. Clayton County Sch. Dist.*, 300 F.3d 1288, 1291 n. 4 (11th Cir.2002)(same); *Aning v. Fed. Nat'l Mortg. Ass'n*, 663 F. App'x 773, 775 (11th Cir. 2016)(a response to a summary judgment motion cannot create a new claim or theory of liability.). Accordingly, the Court declines to address this new argument.

724 (11th Cir. 2004)).

Seff has failed to establish a *prima facie* case based on disparate impact because she has offered no statistical evidence or analysis in support. Indeed, Seff offers no statistical evidence that the County's Policy disproportionately affects older workers in a manner that violated the ADEA. Without statistical proof, disparate impact is not established. *Cardelle*, 593 F. App'x at 902l; *Ogletree v. City of Auburn*, 619 F. Supp.2d 1152, 1177 (M.D. Ala. 2009)(granting summary judgment because, *inter alia*, plaintiff did not present "any evidence from a statistical expert"); *Adams v. Lucent Techs.*, 284 F. App'x 296, 303 (6th Cir. 2008) (affirming summary judgment in ADEA case because "[t]he plaintiffs must through relevant statistical analysis prove that the challenged practice has an adverse impact on a protected group.")

To claim that the Policy is discriminatory is to misunderstand the application of the Policy. There is a clear non-age-related rationale for the disparity at issue here. The County's Policy clearly articulates legitimate, non-discriminatory reasons for the compensation arrangement—namely to prevent "double dipping." *See, e.g. Loscombe v. City of Scranton*, 600 F. App'x 847, 850 (3d Cir. 2015) (recognizing that preventing double dipping is a legitimate public purpose). The County's Policy is driven solely by a retiree's pension status at the time of re-hiring. Courts have held that employers may establish employment policies based on pension status. *See, e.g. Hazen Paper Co.*, 507 U.S. at 611; *Broaddus v. Fla. Power Corp.*, 145 F.3d 1283 (11th Cir. 1998) ("the ADEA does not prohibit an employer from making an employment decision on the basis of higher salaries, increased benefits, *pension status*, or claims for medical expenses even though these characteristics are correlated with an employee's age.")(emphasis added); *Kentucky Ret. Sys. v. E.E.O.C.*, 554 U.S. 135, 143 (2008)("one can easily conceive of decisions that are actually made 'because of' pension status and not age, even where pension status is itself based on age."); *Accord Dila v. West*, 179 F.3d 1348, 1349 (11th Cir. 1999)("reliance on factors correlated with age does not by itself constitute age discrimination."); *Yaro v. Israel*, 242 So.3d 1140, 1141 (Fla. 4th DCA 2018)(holding that employer did not discriminate on the basis of age in demoting major to use his salary to employ more investigators because "while his salary may be correlated to age, age was not the reason for his demotion.").

Accordingly, Seff has not established an age discrimination claim based under either

a disparate treatment or a disparate impact theory, and the County's summary judgment regarding this claim is granted.

### b. Title VII Claim

Seff further alleges that the County's Policy violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution as well as 42 U.S.C. § 1983.

The Equal Protection Clause of the Fourteenth Amendment and Title VII both prohibit discrimination on the basis of race and gender. *See* 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1983; Fla. Stat. § 760.10 *et seq.* The Court applies the same legal analysis to Title VII and § 1983 claims that are based on the same set of facts. *Williams v. Fla. Atl. Univ.*, No. 15-60621-CIV, 2016 WL 1089423 at *3 (S.D. Fla. Mar. 21, 2016); *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227, at *3 (11th Cir. 2016).

The ADEA is the exclusive remedy for age discrimination claims. *See Williams*, 2016 WL 1089423, at *3 (citing *Ray v. City of Opa-Locka, Florida*, No. 12-CV-21769, 2012 WL 4896162, at *3 (S.D. Fla. Oct. 15, 2012)(dismissing claims brought under section 1983 "because the 'ADEA' comprehensive scheme for resolution of age discrimination complaints against employers is the exclusive remedy for such claims."); *Achon v. Miami-Dade County*, 2015 WL 12564322, n.1 (S.D. Fla. June 10, 2015)(dismissing section 1983 age discrimination claim because "the ADEA is the exclusive remedy for a claim of age discrimination."). Consequently, the County is entitled to summary judgment as to Seff's Title VII and section 1983 claims because such claims are limited to age discrimination in violation of the ADEA.

### IV. CONCLUSION

The Court finds that the County's rehiring policy is non-discriminatory as to Plaintiff. Accordingly, after due consideration, it is **ORDERED and ADJUDGED** that Defendant's Motion for Summary Judgment (ECF No. 19) is hereby **GRANTED.**

**DONE and ORDERED** in chambers in Miami, Florida on this 20th day of June 2019.

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*